LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8192 GAF (SSx) | Date | November 5, 2010 |
|---|---|---|---|
| Title | Ken Kreisel v. Wescon Credit Union et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:** (In Chambers)

## ORDER TO SHOW CAUSE

### I. INTRODUCTION & BACKGROUND

On October 29, 2010, Plaintiff Ken Kreisel ("Plaintiff") commenced this action against Defendant Wescom Credit Union fka Wescom Central Credit Union ("Wescom"). (Docket No. 1, Compl.) This action arises from the pending eviction of Plaintiff from the residential property located at 5419 Castle Knoll Road, La Canada, California ("the premises") by Wescom. (Id. ¶¶ 2, 4.) Plaintiff alleges that he is a tenant of the former owner of the premises. (Id. ¶ 4.) According to the Complaint, Wescom purchased the premises at a foreclosure sale and, thereafter, served Plaintiff with a 90-day notice of termination and commenced an unlawful detainer action in state court. (Id. ¶¶ 3, 5.)

Plaintiff asserts that during the course of these events, Wescom has violated the Protecting Tenants at Foreclosure Act ("PTFA"), section 702 of the Helping Families Save the Home Act of 2009. (Id. ¶ 1.) According to Plaintiff, PTFA mandates that a property owner can only serve a 90-day notice of termination on a tenant of a property when the owner has a subsequent buyer who intends to occupy the premises as their primary residence. (Id. ¶ 4.) Plaintiff avers that Wescom served the 90-day notice without having a buyer ready to occupy the premises. (Id. ¶ 5.) Plaintiff's Complaint seeks injunctive relief and monetary damages. (Id. ¶¶ 7, 8.)

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8192 GAF (SSx) | Date | November 5, 2010 |
|---|---|---|---|
| Title | Ken Kreisel v. Wescon Credit Union et al | | |

## II.  DISCUSSION

### A. LEGAL STANDARD

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments . . . .") (citing Mitchell v. Maurer, 293 U.S. 237, 244 (1934)); see also Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996) (holding that lack of subject matter jurisdiction can be raised at any time by either party or by the court sua sponte); see also Sarei v. Rio Tinto PLC, 221 F. Supp. 2d 1116, 1162, n.190 (C.D. Cal. 2002) ("Because subject matter jurisdiction is a threshold issue that must be examined sua sponte . . . the court considers whether it has jurisdiction to hear these claims.") (internal citation omitted).

Here, Plaintiff asserts only an alleged PTFA violation by Wescom. (Docket No. 1, Compl.) "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979) (internal citation omitted). "Instead, the statute must either explicitly create a right of action or implicitly contain one." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1230 (9th Cir. 2008).

### B. APPLICATION

District courts have held that PTFA does not *explicitly* create a private right of action. See Zalemba v. HSBC Bank, 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010) (holding that no explicit private right of action exists under the PTFA because the statute does not possess language that defines a cause of action—it does not identify persons able to bring suit, those who are potentially liable, the forum for suit or the potential remedy available); see also Logan v. United States Bank Nat'l Assoc., 2010 WL 1444878, at *7 (C.D. Cal. Apr. 12, 2010) (concluding that PTFA does not contain explicit language creating a right to sue or a right to a remedy for a violation of its terms).

District courts have also held that PTFA does not *implicitly* create a private right of action either.  See Zalemba, 2010 WL 3894577, at *2–4 (concluding that the statutory language and structure of PTFA indicated that Congress did not intend to create a private right of action); Logan, 2010 WL 1444878, at *7–10 (holding that PTFA does not implicitly provide a private right of action because neither the language of PTFA nor the statutory scheme suggests a

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8192 GAF (SSx) | Date | November 5, 2010 |
|---|---|---|---|
| Title | Ken Kreisel v. Wescon Credit Union et al | | |

congressional intent to create a private right of action); Nativi v. Deutsche Bank Nat. Trust Co., 2010 WL 2179885, at *2–4 (N.D. Cal. May 26, 2010) (holding that PTFA did not implicitly create a right of action because the legislators did not intend to create a cause of action for a remedy when they enacted PTFA).

### III.  CONCLUSION

For the foregoing reasons, the Court concludes that it likely does not have subject matter jurisdiction over the present lawsuit.  Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE, no later than Friday, November 19, 2010**, why this case should not be dismissed for lack of subject matter jurisdiction.  The filing of a written memorandum addressing the Court's concerns shall constitute a sufficient response to this order.

**Failure to respond to the Court's order shall constitute consent to dismissal of the case.**

**IT IS SO ORDERED.**